### JACOBUS v. UNITED STATES.
#### No. M–413.

Court of Claims.

Dec. 3, 1934.

J. Robert Sherrod, of Washington, D. C. (Henry F. Wolff, of New York City, on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff brings this suit to recover the sum of $16,430.10 paid as income taxes for the years 1924 to 1928, inclusive.

It appears from the findings made by the court that the Jacobus Company was incorporated in 1923, and that the entire stock of the company was owned by the Jacobus family. The plaintiff was the owner of 60 shares, his wife 25 shares, his daughter 20 shares, and his brother, Abraham Jacobus, 45 shares.

The plaintiff, his wife, and his brother, Abraham, composed the board of directors. The plaintiff was president, and his brother was secretary and treasurer; however, the evidence shows that the books were kept by the president. All the shares of stock were placed in a voting trust and the plaintiff and his brother were the voting trustees. These two trustees had sole management and control of the business. After the payment of 6 per centum as a dividend on the stock and the other expenses of the company had been paid, the net profits of the corporation were divided equally between these two officers, the plaintiff and Abraham Jacobus, as salaries for the conduct of the business of the corporation.

The company conducted an investment business, the buying and selling of stocks and bonds and real estate. However, its business activities were confined solely to its own account and that of the Jacobus family. No other accounts were accepted. Besides conducting the business of an investment corporation, it permitted and accepted deposits of sums from its stockholders and from a brother who held no stock in the corporation, and on these deposits interest was allowed. Its books were kept on the accrual basis. Plaintiff was on the cash receipts and disbursements basis.

Shortly after the end of each of these calendar years the books of the company were audited and the amounts of interest, dividends, and net profits determined, and the interest on the amount standing to the credit of plaintiff was placed to his account; so also were the dividends on his stock. The one-half share of the net earnings of the company was credited to his account as salary paid by the company to him for services rendered. The same method was applied to the interest, dividends, and salary of the brother, Abraham.

The Jacobus Company took as deductions on its income tax returns the amount of interest credited and the full amount of salary applied to each account. The plaintiff and his brother, Abraham, made withdrawals whenever needed or desired. The time and amounts of these withdrawals were generally agreed upon between them. The company conducted a most prosperous and successful business. After paying all dividends, interest, and other expenses during the years in controversy, the plaintiff had placed to his credit as salary, which meant one-half of the net profits, the sum of $81,208.40, and during this same period dividends of $36,000 and interest of $23,357.64. During these years plaintiff withdrew large sums ranging from $62,296.85 in 1924 to $100,115.56 in 1928—in the five years, $331,294.76, or $190,728.72 more than was credited to him for his salary, interest, and dividends. The plaintiff and his family used the company as a banking institution and deposited money from time to time, which was invested for them and on which they were allowed interest.

The testimony fails to disclose that more than one account was kept in plaintiff's name and deposits for investment, deposits made as loans to the company, dividends, and interest on balances, together with salaries, were all placed to the same account. The books of original entry which were kept by plaintiff were not introduced in evidence. No assignment of a reason for this retention has been given. From the case, as presented, it is clearly apparent that sums placed to the credit of the plaintiff were always subject to his demand, and, as the record shows, they were freely and largely drawn upon. There is nothing in the evidence to substantiate the claim of the plaintiff that, although these amounts were placed to his credit, they were not received by him actually, or constructively, because the cash balance of the company at the end of each year was not sufficient to pay the amounts credited to him. The cash in bank is only a part of the assets of a corporation. Many other items enter into its capital and surplus. The company conducted an investment business, and in so doing invested its money in stock, bonds, and real estate, and the policy in the conduct of the business was to carry only a small amount in cash. But the answer to the ability to pay, and the solvent condition of the company to meet all obligations, is the fact that each year a dividend was declared and the net earnings, aggregating large amounts, were divided between the plaintiff and his brother and charged to the company as salary allowances. Both the substance and form of these transactions show that the amounts credited to the account of the plaintiff were treated by him and the company as actual payments because interest was paid on these accounts by the company. In addition, there was no inhibition upon plaintiff not to withdraw whatever amount he desired, and the actual withdrawals show that he exercised a free hand. The contention that, because the amounts were placed to plaintiff's credit account and not physically paid over to him by the company, they were

therefore not actually received by him, is without merit in fact or law.

As we have shown heretofore, the plaintiff considered that, when the items of salary and interest were placed to his account, they were payments because he charged them on the books for income tax deductions of the company. The business of the company was under plaintiff's and his brother's control, and he kept the books and made all entries therein. The corporation took the deductions on its income tax return each year and to hold that these amounts 'were simply accruals to the plaintiff would permit him to escape taxation on amounts which were actually used by him, at his demand, and under his control and dominion. It would not be an avoidance, but a clear case of evasion of taxation on a vaporous distinction which when analyzed has no meritorious feature. The Commissioner was correct in holding the plaintiff subject to income taxes on these amounts. See Hadley v. Commissioner, 59 App. D. C. 139, 36 F. (2d) 543.

The petition is dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

LITTLETON, Judge, concurs in the result.