## BAKER v. UNITED STATES.

### No. 42682.

Court of Claims.

Feb. 8, 1937.

Briggs G. Simpich, of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The issue presented in this case is whether dividends in the respective amounts of $28,640 and $29,688 for the years 1924 and 1925, voted on shares of preferred stock in the Baker Ice Machine Company, Inc., owned by plaintiff, are properly includible in his gross income for those years.

The preferred stock of Baker Ice Machine Company, Inc., provided for an 8 per cent. annual dividend, to be paid at the rate of 4 per cent. semiannually, and such dividends were regularly declared from the date of the company's organization down to and through the years here involved. All the shares of preferred stock, of a par value of $1,500,000, with the exception of about 200 shares, were owned by plaintiff and members of his immediate family. It was the consistent practice of the corporation, when dividends on its preferred stock were voted, to pay the minority stockholders their dividends in cash and to credit dividends of plaintiff and members of his family to their personal accounts on the books of the corporation. This practice was followed in 1924 and 1925, and plaintiff was credited on his personal account with $28,640 for 1924 and $29,688 for 1925, the preferred stock dividends voted to him for those years. (This account was an open one, containing many items in no way relating to dividends, upon which the plaintiff had the unrestricted right to draw at his pleasure.) There was no limitation on his right to withdraw the dividends credited to him whenever he saw fit to do so. It appears, however, that no part of the dividends credited to plaintiff for the years 1924 and 1925 was withdrawn by him, and that on January 8, 1926, the board of directors of Baker Ice Machine Company, Inc., formally and with the plaintiff's consent canceled all unpaid dividends standing to plaintiff's credit ($135,911.83) and credited that amount back to surplus account.

Article 51 of Regulations 65, Revenue Act of 1924, provides:

"Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession."

And in Article 52 of the same Regulations it is stated: "Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder."

These provisions have been included in all Treasury regulations since 1918 and have been accepted and approved by Congress through subsequent re-enactment of the statute. Whether a stockholder actually withdraws from his account moneys representing dividends declared and entered in the account credited to him is not important. It is not necessary that dividends credited to his account be reduced to actual possession in order to make them taxable. They are taxable as income for the year in which they unqualifiedly become subject to the demand of the stockholder.

The plaintiff contends that the dividends in question were not unqualifiedly subject to plaintiff's demand by reason of the financial condition of Baker Ice Machine Company, Inc. It is contended that when the dividends were declared no financial statements were considered by the board of directors and that no attempt was made to determine whether any funds were available to pay them, as is the case when a common stock dividend is declared; it is further contended that it was never intended by the corporation that dividends be paid plaintiff, or that he should receive such dividends either actually or constructively; that the preferred dividends were declared so that funds could be available for payment of dividends to the minority stockholders, principally employees and customers of the company, in order to maintain the good will of the corporation.

The cash balances of the Baker Ice Machine Company, Inc., as shown by the books of its Omaha and Los Angeles offices, were not sufficient at all times during the years 1924 and 1925 to pay the dividends credited to plaintiff's account, but the cash position alone is not conclusive as to the ability of the company to pay. It is only one of the items going to make up its capital and surplus, Jacobus v. United States,

9 F.Supp. 41, 80 Ct.Cl. 357; A. D. Saenger, Inc., v. Commissioner (C.C.A.) 84 F. (2d) 23, and the fact that the cash balances may at times fall below the amount of dividends standing on the books to the credit of a stockholder does not of itself establish that the amounts so credited to the stockholder are not available to him. When we look to the financial situation of the Baker Machine Company, Inc., during the years 1924 and 1925, including the cash balances maintained by it, there can be no doubt, we think, that the corporation was at all times in a financial condition to pay the dividends credited to plaintiff. The net assets of the company on June 30, 1924, were $1,659,018.60, including a surplus of $127,745.96 after deducting all previously declared dividends, and its net income for the year was $93,834.33, while its net assets as of June 30, 1925, were $1,676,395.82, including surplus of $121,938.23 after deducting all previously declared dividends, and its net income for the fiscal year was $92,882.21. These figures, all of which are disclosed by the books of the Baker Ice Machine Company, Inc., show beyond question that the company was entirely solvent and a reasonably prosperous concern during the years 1924 and 1925. Even conceding that the assets of the company were carried on the books of the company at an inflated value, it had a net income for each of the years of more than $90,000. In view of all the facts and circumstances shown, the conclusion is not only justified but is inescapable that the company's financial condition was such that the dividends credited to plaintiff's account could have been and would have been paid without embarrassment to the company at any time the plaintiff might have seen fit to withdraw them.

Plaintiff's contention that dividends on the preferred stock of the Baker Ice Machine Company, Inc., were voted for the sole benefit of the minority stockholders, and that it was not intended to pay dividends to plaintiff is not supported by competent proof and is without merit. The policy of the company from its organization in 1919 down to the end of 1925, it is true, was to pay the minority stockholders their dividends in cash and to credit plaintiff's dividends to his personal account with the company. Why this policy was followed does not appear and is not important, as the policy, whatever the reason for it may have been, was dictated by plaintiff who owned all the common stock and was

in complete control of the Baker Ice Machine Company, Inc. The important and controlling fact is that dividends voted in 1924 and 1925 on the preferred stock held by plaintiff in the Baker Ice Machine Company, Inc., were credited to his personal account with the company without any restrictions whatever on his right to withdraw them at will. They were unqualifiedly subject to his demand, and the withdrawal of them would not have seriously embarrassed the company or impaired its financial standing.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.