VALLEY TRACTOR & EQUIPMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95878. Promulgated June 28, 1940.

*Louis Janin, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

#### OPINION.

Van Fossan: The only issue for our determination is whether or not petitioner is entitled to a dividends paid credit for the year 1936. Petitioner contends that it is entitled to credit for a cash dividend paid by check. It maintains that even if we should find that the dividend was not paid in cash, the payment was made in petitioner's obligations having a value equal to the face amount of the checks. Respondent argues, however, that there was no actual payment of a dividend during the taxable year and, hence, no credit is allowable.

The applicable provisions of the statute are section 27 (a) and (d) and section 115 (a) of the Revenue Act of 1936.[1]

The fact that petitioner had a surplus out of which to declare the dividend is not questioned, nor is the action of the board of directors in the declaration disputed. The issue turns upon whether or not a dividend was, in fact, paid during the taxable year.

At the hearing, respondent indicated his position to be that since petitioner did not have sufficient cash on hand to cover the face amount of the checks, no dividend was paid. It is clear, however, that a corporation need not have sufficient cash on hand to meet a declared dividend. In *A. D. Saenger, Inc.* v. *Commissioner*, 84 Fed. (2d) 23, certiorari denied, 299 U. S. 577, the Circuit Court of Appeals for the Fifth Circuit said:

\* \* \* That A. & J., Inc., did not carry cash on hand sufficient to pay what it had unreservedly put to the credit of A. D. Saenger, Inc., is unimportant. It could on demand have borrowed it or raised it by sale of some of its investments. No case of refusal to pay appears. \* \* \*

In *Baker* v. *United States*, 17 Fed. Supp. 976, the Court of Claims stated:

The cash balances of the Baker Ice Machine Company, Inc., as shown by the books of its Omaha and Los Angeles offices, were not sufficient at all times during the years 1924 and 1925 to pay the dividends credited to plaintiff's account, but the cash position alone is not conclusive as to the ability of the company to pay. It is only one of the items going to make up its capital and surplus, *Jacobus* v. *United States*, 9 F. Supp. 41, 80 Ct. Cl. 357; *A. D. Saenger, Inc.* v. *Commissioner*, (C. C. A.) 84 F. (2d) 23, and the fact that the cash balances may at times fall below the amount of dividends standing on the books to the credit of a stockholder does not of itself establish that the amounts so credited to the stockholder are not available to him. \* \* \*

In both the *Saenger* and *Baker* cases the dividend was held includible in the shareholders' gross income even though the corporation

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

\* \* \* \* \* \*

(d) DIVIDENDS IN OBLIGATIONS OF THE CORPORATION.—If a dividend is paid in obligations of the corporation, the amount of the dividends paid credit with respect thereto shall be the face value of the obligations, or their fair market value at the time of the payment, whichever is the lower. If the fair market value is lower than the face value, then when the obligation is redeemed by the corporation, the excess of the amount for which redeemed over the fair market value at the time of the dividend payment (to the extent not allowable as a deduction in computing net income for any taxable year) shall be treated as a dividend paid in the taxable year in which the redemption occurs.

SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

declaring the dividend did not have sufficient cash balance to meet the dividend. Under these holdings, the fact that cash on deposit was not sufficient to pay the dividend checks is not enough to cause the dividend to be ineffective.

Article 42-3 of Regulations 94 provides that "dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder." There would seem to be no question as to the liability of the stockholders for tax on the dividends in question and, as a matter of fact, they returned them and paid tax accordingly. There is no question of the solvency of the corporation. Though it did not have cash on hand, it had ample credit at the bank. We find no evidence of an agreement that the checks would not be cashed or presented for payment. Petitioner's president testified that at the time the checks were received it was the intention of the two stockholders to cash them immediately. Definite arrangements for a loan were made. Cf. *Eagleton* v. *Commissioner*, 97 Fed. (2d) 62. The reason the loan was not consummated and the checks cashed forthwith was twofold, the lack of necessity for immediate funds by the stockholders and a change in the policy of the bank as to carrying loans on petitioner's contracts. We are of the opinion that the dividend was paid and that credit claimed was allowable. It is thus unnecessary to consider petitioner's alternative contention that if the dividend does not come within section 27 (a) as a dividend paid in the taxable year, the case comes within the terms of section 27 (d) as a dividend paid in obligations of the corporation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

DISNEY concurs only in the result.

---

OPPER, concurring: The stockholders having actually received their dividend checks prior to the end of the taxable year, there would seem to be no question that they were liable as individuals for the income tax thereon. Their failure to call for the funds placed at their disposal would not relieve them from that liability under the doctrine of constructive receipt. *Hiram C. Wilson*, 17 B. T. A. 976; *Harvey H. Ostenberg et al., Administrators*, 17 B. T. A. 738, 745; cf. *Avery* v. *Commissioner*, 292 U. S. 210; *Elvira Scatena*, 32 B. T. A. 675, 679; affd. (C. C. A., 9th Cir.), 85 Fed. (2d) 729. It appears from the statement of facts that the stockholders recognized this liability and included the dividends in their individual income for that year. These seem to me the strongest reasons for granting the dividends paid credit to the petitioner corporation, since the basic pur-

**316**

pose of sections 14 and 27, Revenue Act of 1936, was fulfilled by the procedure adopted. See *Foley Securities Corporation*, 38 B. T. A. 1036; affd., 106 Fed. (2d) 731. The dividend being taxable to the shareholders, credit for its payment should be available to the corporation.