SCHINEBRO, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101545. Promulgated November 5, 1941.

*John E. Hughes, Esq.*, for the petitioner.
*Walt Mandry, Esq.*, for the respondent.

## OPINION.

TURNER: The petitioner makes two major contentions: First, that under the facts and circumstances of this case it must be held that a dividend in the amount of $14,754.39 was paid within the meaning of section 27 of the Revenue Act of 1936,[1] and, second, being a per-.

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) DIVIDENDS IN KIND.—If a dividend is paid in property other than money (including stock of the corporation if held by the corporation as an investment) the dividends paid credit with respect thereto shall be the adjusted basis of the property in the hands of the corporation at the time of the payment, or the fair market value of the property at the time of the payment, whichever is the lower.

sonal holding company and subject to tax under section 351 of the act, it is not subject to the tax imposed by section 14.

In support of the contention that a dividend was paid petitioner relies on *Valley Lumber Co. of Lodi*, 43 B. T. A. 423, and in that connection also argues that, since the dividend was payable in part in the stock of the Texas Co. and corporate stock being intangible, declaration of the dividend was sufficient to vest ownership of the stock in the stockholders and transfer thereof was not required to effect payment or distribution. In *Valley Lumber Co. of Lodi, supra*, dividends were declared and credited on the corporate books to the accounts of the shareholders but were not actually withdrawn during the corporate taxable year. We held that "the corporation continued to hold the funds wholly subject to the shareholders' unrestricted demand and control" and that it was entitled to a dividends paid credit under section 27, *supra*. Clearly no such situation existed in the instant case. Furthermore, it may not be said on the facts that the adoption of the dividend resolution vested ownership of the 1,000 shares of Texas Co. stock in the petitioner's stockholders. The action taken did not spring from any desire to distribute the corporate profits to the stockholders but from the desire to avoid the undistributed profits tax, and the thought apparently was that that purpose could be accomplished by adoption of the resolution and without distribution. The shares of Texas Co. were on deposit with Bache & Co. as collateral for the petitioner's marginal account. The account was closed in 1937 at a loss to the petitioner of approximately $67,000. The loss sustained on the sale of the 1,000 shares of Texas Co. stock amounted to $3,090.23 and was claimed by the petitioner as a deduction on its return for 1937. The petitioner also received in 1937 and reported as its own a $200 dividend on the stock in question. The petitioner makes no attempt to reconcile its treatment of those items with its present claim that its stockholders were the owners of the Texas Co. stock. At the hearing petitioner's accountant, Forrest E. Ferguson, who prepared the 1937 return, testified that in preparing the return he had made some adjustment therein which would reduce the amount of the loss deduction by the difference between the cost of the stock to the petitioner in February 1936 and its fair market value on August 15, 1936, the date of the dividend resolution, but on examining the return was unable to state what, if any, item or schedule reflected such an adjustment. It is accordingly our conclusion that the stock of the Texas Co. was not distributed by the petitioner to its stockholders in payment of the alleged dividend.

The dividend resolution provided that after distribution of the 1,000 shares of Texas Co. stock "a sufficient amount of the cash paid to L. W. Schine on February 14, 1936 and the cash paid to J. M. Schine January 27, 1936" should be designated as a dividend in order to equal a total dividend of $15,000. In making the credit on the books of the corporation the Texas Co. shares were carried over to the accounts of the two stockholders at their cost, namely, $13,393.50, and sufficient of the cash payments made to L. W. Schine and J. M. Schine on February 14 and January 27, respectively, were set up as dividends to bring the total dividend credits to $14,754.39, the amount of the petitioner's earnings for the year. The cash credits so made as in payment of the dividend were $884.58 to J. M. Schine and $476.31 to L. W. Schine. The facts indicate that the petitioner had received advances from its two stockholders from time to time and that on January 27, 1936, when petitioner paid $2,000 to J. M. Schine, it was indebted to him in the amount of $12,500, and on February 14, 1936, when petitioner paid $1,606.50 to L. W. Schine, it was indebted to him in the amount of $29,630.91. The individual accounts of the stockholders were charged with the cash payments made on January 27 and February 14. Neither of the Schines was offered as a witness and aside from the foregoing we know nothing of the circumstances under which the said amounts were paid to them. We are of the opinion therefore that these payments may not be regarded as anything other than payments on indebtedness owing to the Schines by the petitioner. They were not available for use in payment of the alleged dividend on August 16, when the dividend resolution was adopted, nor on December 31, when the dividend credits were made to the accounts of the stockholders. It is also noted that the fair market value of the Texas Co. stock at August 16, 1936, when the dividend resolution was adopted, was less than its cost and, even though payment of the dividend had been effected, the petitioner would not be entitled to a dividends paid credit in the full amount claimed. Sec. 27 (c), Revenue Act of 1936.

The petitioner makes further claim, relying on section 351 (d) of the Revenue Act of 1936, that a dividend must be regarded as having been paid because the petitioner's shareholders reported the amount thereof in their individual income tax returns as dividends received. Section 351 (d) provides that the tax imposed by section 351 shall not apply "if (1) all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the adjusted net income of the corporation for such year." It is argued that the purpose of

section 14 "was to force corporations to declare dividends in order that shareholders might be forced to report and pay tax on such dividends and not avoid surtax by accumulating money in corporations", and that, since that purpose has been accomplished by the reporting of the dividend by the stockholders in their individual returns, the purpose of the statute has been served and the dividend must therefore be regarded as having been paid within the meaning of section 27, *supra*. That Congress did have the purpose stated in mind is indicted by the report of the Committee on Ways and Means reporting the bill which became the Revenue Act of 1936, but a statement of a particular purpose for legislation in a committee report or in the debates with respect to pending legislation in no way limits the statute when enacted to the purpose stated where the said statute by clear and unambiguous wording is broader in scope. In such case it is certainly not within the province of this Board to say that Congress did not have other purposes in mind and that it did not mean what it expressly and clearly stated. *Chester N. Weaver*, 305 U. S. 293, affirming 35 B. T. A. 514. The tax imposed by section 14 is broadly stated and reaches "the net income of every corporation." Subsection (b).[2] In subsection (a),[3] however, it is provided that in determining the undistributed net income, the income subject to tax, a dividends paid credit shall be allowed as provided in section 27 and in section 27 it is stated that "the dividends paid credit shall be the amount of dividends paid during the taxable year." There is no provision which permits a dividends paid credit in the absence of payment. The dividend in the instant case was not paid and the petitioner is not entitled to the dividends paid credit claimed, even though the stockholders did report in their individual income tax returns the 1936 earnings of the corporation. *Cox Motor Sales Co.*, 42 B. T. A. 192; *Fort Pitt Investment Co.*, 45 B. T. A. 330.

---

[2] SEC. 14. SURTAX ON UNDISTRIBUTED PROFITS.

\* \* \* \* \* \* \*

(b) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation a surtax equal to the sum of the following, subject to the application of the specific credit as provided in subsection (c) :

7 per centum of the portion of the undistributed net income which is not in excess of 10 per centum of the adjusted net income.

\* \* \* \* \* \* \*

27 per centum of the portion of the undistributed net income which is in excess of 60 per centum of the adjusted net income.

[3] (a) DEFINITIONS.—As used in this title—

(1) The term "adjusted net income" means the net income minus the sum of—

\* \* \* \* \* \* \*

(2) The term "undistributed net income" means the adjusted net income minus the sum of the dividends paid credit provided in section 27 and the credit provided in section 26 (c), relating to contracts restricting dividends.

The final contention of the petitioner is that, being a personal holding company and subject to tax under section 351, it is not subject to the tax imposed by section 14. Petitioner's argument is vague and somewhat difficult to follow. It seems to be based, however, on the language of subsection (f) of section 14, which reads: "TAX ON PERSONAL HOLDING COMPANIES.—For surtax on personal holding companies, see section 351." The effect of the argument is that Congress, by the insertion of subsection (f), intended to and did except personal holding companies from the tax imposed by section 14. One difficulty with the petitioner's position is that by section 14 (b) the surtax on undistributed profits is broadly imposed "upon the net income of every corporation" and the language of subsection (f) is that of cross-reference and does not state an exception to the tax imposed under subsection (b). Furthermore, in imposing the tax under section 351, Congress expressly stated that the tax so imposed is "in addition to the taxes imposed by Title I", in which section 14 appears. That the language of subsection (f) was intended merely as an informatory cross-reference and not as an excepting clause is further borne out by subsection (g) of section 14. There Congress by substantially similar language referred to the surtax on corporations imposed by section 102. By petitioner's argument it would follow that all corporations subject to tax under section 102 would not be subject to tax under section 14. Obviously such an argument could not be sustained. In section 102, as in section 351, it is stated that the tax there imposed is in addition to other taxes imposed by Title I and further, to show that Congress in making that statement had the tax imposed by section 14 in mind, the rates under section 102 were varied in the case of corporations also subject to tax under section 14. To apply the reasoning of the petitioner would make the provisions of section 102 (a) (2) meaningless. We find no merit to the petitioner's contention that, since it is subject to the surtax on personal holding companies imposed by section 351, it is not liable to tax under section 14. The claim is accordingly denied.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

VAN FOSSAN, dissenting: Believing that the facts in this case bring it within our holding in *Valley Tractor & Equipment Co.*, 42 B. T. A. 311, and that the credit claimed is accordingly allowable, I respectfully dissent.

ARUNDELL and OPPER agree with this dissent.