Duro Persian Manufacturing Co., Inc. v. Commissioner.
Duro Persian Mfg. Co. v. Commissioner
Docket No. 5610.
United States Tax Court
1945 Tax Ct. Memo LEXIS 153; 4 T.C.M. (CCH) 640; T.C.M. (RIA) 45212; June 21, 1945
Benjamin Gold, Esq., for the petitioner. Robert S. Garnett, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the taxable year ending March 31, 1941. Deficiency was determined in the amount of $1,647.61, all of which is in issue. The only question presented is whether the petitioner properly deducted an officer's salary as ordinary and necessary expense. [The Facts] The facts found by us may be briefly stated. The petitioner is a New Jersey corporation and was during the taxable year on the accrual basis of accounting and so filed its Federal income tax return (with the collector for the 5th collection district of New Jersey). It deducted $10,0116.34 as salary accrued upon its books and credited to its secretary-treasurer. *154 The reasonableness of the amount for the services rendered is not in dispute. The amount (with deduction of social security and New Jersey unemployment insurance tax, duly paid) was accrued, monthly, upon the petitioner's journal and the salary was set up as an expense item in the general ledger; and each month the amount was credited to the personal account of the secretary-treasurer. He reported the amount as income on his Federal income tax return and paid tax thereon. He did not, however, receive the money during the taxable year, nor, so far as the record shows, within two and one-half months thereafter, and it is not contended that he was paid within that period. The secretary-treasurer was holder of 66 2/3 per cent of the stock of the company. He was the owner of United States war bonds of the approximate value of $7,500. At the close of the taxable year petitioner had $1,775.84 cash on hand, notes and accounts receivable of $5,557.29. Total assets, including inventory of $17,597.36, were $50,636.05. Liabilities, aside from $5,500 capital stock, were $12,467.60, including $2,239.07 accounts payable, with $32,668.45 earned surplus and undivided profits. The corporation was solvent. *155 The petitioner relies primarily upon Michael Flynn Manufacturing Co., 3 T.C. 932. See also Ohio Battery & Ignition Company, 5 T.C. 283, promulgated June 19, 1945). The respondent argues that there was no constructive payment sufficient to justify the deduction under section 24 (c) of the Internal Revenue Code, citing particularly P. G. Lake, Inc., 4 T.C. 1, and pointing out that petitioner did not have cash sufficient to pay the salary involved, nor an established line of credit. In our opinion, the Michael Flynn Manufacturing Co. case controls here, and there was constructive receipt by the officer. That there was not sufficient cash on hand to pay the amount is not the governing factor. Valley Tractor & Equipment Co., 42 B.T.A. 311; A. D. Saenger, Inc., v. Commissioner, 84 Fed. (2d) 23; Jacobus v. United States, 9 Fed. Supp. 46 (Court of Claims). In the Lake case there was no crediting to the creditor of the interest involved, whereas herein there was unconditional credit. We hold that the Commissioner erred in disallowing the deduction. Decision will be entered for the petitioner. *156