Per Curiam :
These cases were referred pursuant to Rule 45 to Marion T. Bennett, a trial commissioner of this court, with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report filed April 9, 1963. On May 15,1963, plaintiffs filed a motion pursuant to Rule 46 that the court adopt the commissioner’s report as the basis for its judgment in the cases. On June 10,1963, defendant filed a reply to plaintiffs’ motion stating that it has no objection thereto. Since the court is in agreement with the findings and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in these cases and plaintiffs’ motion is allowed. Therefore, plaintiffs are entitled to recover taxes and interest paid for the year 1954, and judgment is entered to that effect. The amount of the judgment will be determined pursuant to Rule 38(c).
OPINION OE THE COMMISSIONER
These cases which involve similar issues and an identity of the parties were consolidated for trial and will be treated together here. This is an income tax refund problem. In 1954 plaintiffs Hurtz and Birchenough each received the sum of $13,850 from the Home Owners Building Supply Company as salary but did not report it as income on the theory it was constructively received in the years 1950,1951 and 1952. *857 The issue is whether this income is properly includible in the gross income of plaintiffs for 1954 since deficiencies therefor have been assessed and paid.
The stock of Home Owners Building Supply Company (hereinafter referred to as the corporation) was wholly owned by plaintiffs during the years 1949 through 1954. By resolution of December 7, 1949, it authorized salaries of $10,000 per annum to John J. Hurtz and Herbert Birche-nough and salaries of $250 to each of their wives. By resolution of December 6, 1950, the corporation increased the salaries of each of the wives to $500 per annum.
In the years 1950, 1951 and 1952 the amounts of $5,325, $5,450 and $5,200 were paid to John J. Hurtz and the amounts of $5,100, $5,450 and $5,200 to Herbert Birchenough. In the same years the amounts of $4,000, $4,800 and $4,800 were entered on the books of the corporation as accrued salaries of John J. Hurtz and Herbert Birchenough, respectively, and the amounts of $250 each were accrued on the corporation’s books for 1952 as accrued salaries of their wives. These amounts which accrued on the books of the corporation in 1950, 1951 and 1952 were paid to plaintiffs in 1954.
Plaintiffs report their personal income on a cash basis. They contend, however, that the $13,850 in salaries received in 1954 are not includible in their gross income for 1954 because those salaries were constructively received in 1950, 1951 and 1952. Although plaintiffs did not include these amounts in their gross income for 1950,1951 and 1952, nevertheless they are not includible in gross income for 1954 if the amounts were in fact constructively received in the former years. Ross v. Commissioner, 169 F. 2d 483.
Section 39.42-2 of Treasury Regulation 118 provides:
Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time and its *858 receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. If a corporation contingently credits its employees with bonus stock, but the stock is not available to such employees until some future date, the mere crediting on the books of the corporation does not constitute receipt.
The provisions of section 29.42-2 of Treasury Regulation 111, applicable to years prior to 1952, contain a similar provision. Plaintiffs contend that the salaries which accrued to them in the years 1950, 1951 and 1952 were constructively received within the meaning of the above regulations.
Defendant contends, however, that no income was “credited to the account of or set apart for” the plaintiffs within the meaning of Treasury Regulation 118, supra. In support of this contention, defendant cites the fact that the accrued salaries were carried in one general ledger account, and reflected as one total liability on the corporation’s balance sheet. In each of the cases cited by plaintiffs in rebuttal to this proposition the accrued salary was credited to a “personal” account of the taxpayer.[1]
In the instant cases all the accrued salaries were credited to an account entitled Accruals under the explanation Accrued Salary — J. J. Hurtz, etc., for each of the years involved. Nothing, however, in the regulations nor any case cited by defendant appears to warrant the conclusion that the instant cases should be distinguished because the corporation’s bookkeeper entered the accrued salaries in a single general ledger account entitled Accruals, followed by an explanation of the items in issue, rather than setting up four separate accounts entitled Accrued Salary — John J. Hurtz, etc.
Treasury Regulation 118, section 39.42-2, further provides, “A book entry, if made, should indicate an absolute transfer from one account to another.” Such an entry was made on the books of the corporation. A liability account, Accruals, was credited with the amount of the accrued salaries and a salary expense account was charged. Cf. James J. Cooney v. Commissioner, 18 T.C. 883. The corporation reported the *859 accrued salaries for 1952 as an expense item in its Federal income tax return for that year.[2]
Defendant further contends the accrued salaries were not “available to plaintiffs” because the corporation did not have sufficient cash on hand to pay them on demand. Cash position alone, however, is not controlling on the question of the corporation’s ability to pay. Baker v. United States, 84 Ct. Cl. 428; Jacobus v. United States, 80 Ct. Cl. 357. The fact of dominant significance in determining the corporation’s ability to pay the accrued salaries is its over-all financial condition. W. W. Slaughter v. Commissioner, supra.
Home Owners Building Supply Company had over $70,-000 in working capital in each of the years 1950, 1951 and 1952. Its ratio of current assets to current liabilities was better than 2 to 1 in each of those years. A large portion of the accounts receivable in 1950 was due from related companies which in turn had sufficient cash balances to pay their obligations to Home Owners Building Supply Company. The corporation always discounted trade bills. A cash balance could have been built by taking the normal terms on such bills. The plaintiffs entirely controlled the corporation and the salaries in question could have been paid had the plaintiffs chosen to require it. There is nothing in the record to indicate that the entries on the corporation’s books concerning plaintiffs were limited or restricted as to manner, time or condition of payment. Cf. Baker v. United States, supra, and W. W. Slaughter v. Commissioner, supra, with Johnson v. Commissioner, 25 T.C. 499, and Pearl Whitson v. Commissioner, 3 T.C.M. 746.
FINDINGS OF FACT
1. Plaintiffs in No. 32N60, John J. Hurtz and Julia B. Hurtz (hereinafter referred to as Hurtz), are husband and wife and are residents of the State of New Jersey.
2. Plaintiffs in No. 325-60, Herbert Birchenough and Edith Birchenough (hereinafter referred to as Birchenough), *860 are husband and wife and are residents of the State of New Jersey.
3. On or about April 15,1955, plaintiffs Hurtz filed a joint Federal income tax return for the taxable year ended December 31, 1954, with the Office of the District Director of Internal Eevenue, Newark, New Jersey, showing tax due of $14,172.86 which was paid.
4. On or about April 15, 1955, plaintiffs Birchenough filed a joint Federal income tax return for the taxable year ended December 31, 1954, with the Office of the District Director of Internal Eevenue, Newark, New Jersey, showing a tax due of $15,672.12 which was paid.
5. The stock of Home Owners Building Supply Company, a New Jersey corporation engaged in the business of selling building supplies (hereinafter referred to as the corporation), has been owned from 1950 to the present as follows:
John J. Hurtz, 35%
Julia E. Hurtz, 15%
Herbert Birchenough, 35%
Edith Birchenough, 15%
The officers of the corporation during the years 1950 through 1955 included:
John J. Hurtz, President
Herbert Birchenough, Vice President
Edith Birchenough, Assistant Secretary
Julia E. Hurtz, Assistant Treasurer.
All of the above named were also members of the Board of Directors.
The corporation kept its books of account on the accrual basis and on the fiscal year ended March 31.
6. During February and March 1954 plaintiffs Herbert Birchenough and John J. Hurtz each received payment of $13,600 and their wives each received $250 from the corporation. The amounts received by the taxpayers were not reported on their 1954 returns.
7. The $13,850 which the plaintiffs received represented salaries accrued on the books of the corporation in the following years and amounts:
*861 Birelienough: Hurtz:
1950_$4,000. 00 1950_ $4, 000.00
1951_ 4, 800. 00 1951_ 4, 800. 00
1952_ 4,800.00 1952_ 4, 800.00
Salary for Salary for
1952 (Edith 1952 (Julia R.
Birehenough)_ 250.00 Hurtz) _ 250.00
Total_ 13,850.00 Total_ 13,850. 00
None of those amounts which accrued on the corporate books were reported by the taxpayers in their calendar year joint returns for the years 1950, 1951 and 1952.
8. By resolution the corporation authorized salaries of $10,000 per annum on December 7, 1949, to John J. Hurtz and Herbert Birehenough and salaries of $250 per annum to each of their wives. On December 6,1950, the corporation, by resolution, increased the salaries of Julia B. Hurtz and Edith Birehenough to $500 per annum.
9. In the years 1950, 1951 and 1952 the corporation paid to John J. Hurtz the sums of $5,325, $5,450 and $5,200, respectively. During the same years the corporation paid to Herbert Birehenough the sums of $5,100, $5,450 and $5,200, respectively.
10. During the year 1950 a general ledger account on the books of the corporation entitled Accruals was credited in the amount of $4,000 under the explanation Accrued Salary — H. Birehenough, and a like amount of $4,000 was credited to the same account under the explanation Accrued Salary — J. J. Hurtz. Similar entries were made in the same ledger account in the years 1951 and 1952 reflecting the accrued salaries of John J. Hurtz and Herbert Birehenough in the amounts of $4,800 each in 1951 and $4,800 each in 1952. In 1952 an entry was made in the same account reflecting the accrued salaries of Julia Hurtz and Edith Birehenough in the amount of $250 each.
11. The total amount of the accrued officers’ salaries was shown on the corporation’s balance sheet for March 31,1950, 1951 and 1952 as a current liability entitled Due Officers— Salaries.
12. The corporation’s Federal income tax return for the fiscal year ended March 31, 1952, was examined some time *862 prior to October 12,1954. As a result of that examination, the accrual of the salaries of both John J. Hurtz and Herbert Birchenough was disallowed as corporate expenses because they had not been paid within 2y2 months after the close of the taxable year in accordance with the provisions of section 24(c) of the Internal Revenue Code of 1939. A deficiency was assessed and collected from the corporation for the fiscal year ended March 31, 1952. The corporation sought no court review and the year involved is now closed.
13. The corporation’s balance sheets for the years ended March 31,1950,1951 and 1952 reflect the financial condition of the corporation on those dates as follows:

14. On March 31,1950,1951 and 1952 the corporation did *863 not have sufficient cask to pay the total accrued officers’ salaries.
15. Other evidence relating to the financial condition of the corporation establishes that the corporation had a line of credit at a bank, a part of which was unused during 1950, 1951 and 1952. Further, the corporation always discounted trade bills and a cash balance could have been built by taking the normal terms on such bills. Of the $52,880.22 in accounts receivable on the books of the corporation as of March 31, 1950, $24,000 represented receivables from related companies, Hurtz and Birchenough Builders, a partnership composed of Herbert Birchenough and John J. Hurtz, and Birche-nough and Hurtz Developers, a partnership in which Herbert Birchenough and John J. Hurtz each had a one-third interest. These related companies were profitable operations and had cash available to pay their obligations to the corporation at that time. The corporation itself had a sufficient cash balance to pay the accrued salaries at various times during the years 1950, 1951 and 1952.
16. The taxpayers’ incomes were reportable on a cash basis. The taxpayers’ personal Federal income tax returns for the year 1954 were examined by an agent of the Internal Revenue Service, who, by reports dated March 11, 1957, asserted, among other things, the inclusion in gross income of each of the taxpayers Hurtz and Birchenough in an amount of $13,850.
In each case the agent’s report of March 11, 1957, describes in part the reason for the inclusion of the $13,850 amount on page one thereof, as follows:
Receipt of $13,850.00 of salaries from Home Owners Building Supply Co. in Jan., Feb. and Mar. 1954. This amount was accrued on the books of the corporation during the fiscal years ended Mar. 31, 1950, Mar. 31, 1951, and Mar. 31, 1952.
17. The “30 day letter” together with copies of the aforesaid reports of the examining officer was mailed to each of the plaintiffs under date of May 21, 1957.
18. The above determinations were appealed by the plaintiffs to the Appellate Division of the Internal Revenue Service which upheld the reports of the examining officer.
*864 19. On January 21, 1959, a deficiency was formally assessed against Hurtz and Birchenough. in the amounts of $8,148.20 and $8,810.94, respectively. These deficiencies resulted from the inclusion of the above described $13,850 in the taxable year of the plaintiffs for 1954. Further deficiencies were assessed against Hurtz and Birchenough for the year 1954 in the amounts of $731.74 and $751.38, respectively. These latter deficiencies resulted from the inclusion of additional partnership income of $1,341.75 and $1,341.74 for Hurtz and Birchenough, respectively. The taxpayers agreed to and paid these latter two assessments and they are not in issue herein.
20. The alleged deficiencies against Hurtz in the amount of $8,148.20 plus interest thereon of $1,996.31 and against Birchenough in the amount of $8,310.94 plus interest thereon of $2,036.18 were paid on June 26,1959.
21. On September 21, 1959, each of the taxpayers filed a claim for refund (Form 843) with the Internal Revenue Service requesting that the taxes paid as above described be refunded.
22. On May 25,1960, plaintiffs Hurtz received notice that their claim for refund had been disallowed in full. A period of more than 6 months has elapsed since the Birchenough claim for refund has been filed and no action has been taken thereon by the Commissioner or his agents.
23. The Internal Revenue Service examined and audited the personal income tax returns of plaintiffs Hurtz and Birchenough for the taxable years 1950 and 1951 and did not assess deficiencies on the salary accrued on the books of the corporation during those years.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiffs are entitled to recover taxes and interest paid for the year 1954, and judgment is entered to that effect. The amount of the judgment will be determined pursuant to Rule 38(c).
*865 In accordance with the opinion of the court and memorandum reports of the commissioner as to the amounts due thereunder, it was ordered on July 24, 1963, that judgment be entered for the plaintiffs in No. 32¿U60 for $9,970.17, plus statutory interest from June 26, 1959, to date of payment, and for the plaintiffs in No. 325-60 for $10,172.91, plus statutory interest from June 26, 1959, to date of payment.

 Chipley v. Commissioner, 25 B.T.A. 1103; Appeal of John A. Brander, 3 B.T.A. 231; W. W. Slaughter v. Commissioner, 2 T.C.M. 528.

 Tie expense item for the salaries of John J. Hurtz and Herbert Birch-enough were subsequently disallowed because they had not been paid within 2% months after the close of the taxable year in accordance with the provisions of section 24(c) of the Internal Revenue Code of 1939.