LUCIEN H. CONGLETON and JANE CONGLETON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Congleton v. Commissioner
Docket No. 11953-77.
United States Tax Court
T.C. Memo 1979-130; 1979 Tax Ct. Memo LEXIS 396; 38 T.C.M. (CCH) 584; T.C.M. (RIA) 79130; April 5, 1979, Filed Charles R. Hembree and Philip E. Wilson, for the petitioners. Eugene P. Bogner, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge *397 : Respondent determined deficiencies in income tax paid by petitioners in the amount of $30,224.94 for the taxable year 1972 and $5,002.98 for the taxable year 1974. The issue which remains for decision is whether petitioner constructively received salaries due but not paid to him for the taxable years 1972 and 1974 until after the close of such years. Petitioner alternatively contends that if it is held that he constructively received such salaries in the years earned, there should be excluded from gross income for the taxable year 1972 the sum of $13,750 received and reported as income in that year which was a part of his salary for the year 1971. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Lucien H. Congleton and Jane Congleton, husband and wife, resided at 225 South Ashland, Lexington, Kentucky, when they filed their petition in this case. At the time of the trial, petitioners resided in Woodford County, Kentucky. Petitioners filed joint Federal income tax returns for the taxable years 1972 and 1974 with the Memphis Service Center, Memphis, *398 Tennessee. The returns were filed on a calendar year basis using the cash receipts and disbursements method of accounting. [1]
During the years 1972 and 1974, petitioner was the president and a member of the board of directors of W. T. Congleton Co., Inc. (hereinafter the Company), a ready-mix concrete producing firm. This corporation was formed under the laws of the Commonwealth of Kentucky. Petitioner has been president of the Company since 1949. As president of the Company, petitioner left with the Company that portion of his salary that was not needed to meet his living expenses. During the years relevant to this case, petitioner was authorized to sign checks drawn on all existing checking accounts of the Company and checks signed by him did not require any countersignature. The Company elected to be taxed as a small business corporation under the provisions of section 1372, [2] and this election continued in effect during the years 1972 and 1974. *399 From December 26, 1967, through December 31, 1974, inclusive, the outstanding shares of stock of the Company were held as follows: Stockholder
Number of Shares
Percent
Lucien Congleton
84
36.76
Helen C. Breckinridge
84
36.76
Effie K. Congleton
28 1/2
12.48
David J. Congleton
8
3.5
Lucia R. Congleton
8
3.5
Robert C. Congleton
8
3.5
William T. Congleton
8
3.5
Total
228 1/2
100.00
Helen C. Breckinridge and Effie K. Congleton are the sister and mother, respectively, of Lucien Congleton. David J. Congleton, Lucia R. Congleton, and William T. Congleton are the children of the petitioners. All of the children were adults during the years in issue. During the years relevant to this case, the Company reported its income on a calendar year basis and used the accrual method of accounting. For the taxable years 1962 through 1974, inclusive, (1) the salaries and bonuses authorized by the board of directors of the Company to be paid to Lucien Congleton, (2) the portion of said salaries and bonuses paid during the year in which they were authorized, (3) the portion of said salareis and bounses paid during the two and one-half month period *400 immediately following the close of the year during which said salaries and bonuses were authorized, (4) the amount of said salaries and bonuses reported by Lucien Congleton as income during said years for Federal income tax purposes, and (5) the amount of said salaries and bonuses claimed by the Company as a deduction in computing its Federal income taxes for said years were, as follows: (1)
(2)
(3)
(4)
(5) Year
Salary &
Pd. During
Pd. within
Compen-
Deduction
Bonus
Yr. of Author-
2-1/2 mos.
sation per
Claimed by
Author-
ization
after end of
W-2 Forms &
the Co. for
ized a
yr. of
as reported
salary &
Authorization
by Lucien
bonus of
Congleton
Lucien
Congleton
1962
$20,000
$15,000
$ 5,000
$20,000 b
$ 20,000
1963
50,000
15,000
35,000
20,000
50,000
1964
50,000
3,750
46,250
38,750
50,000
1965
27,500
0
27,500
46,250
27, 500
1966
27,500
3,750
23,750
31,250
27,500
1967
27,500
13,750
13,750
37,500
27,500
1968
27,500
13,804
13,696
27,554
27,500
1969
27,500
11,250
0 c
24,946
11,250
1970
27,500
17,500
10,000
17,500
27,500
1971
27,500
13,750
13,750
23,750
27,500
1972
62,500
2,500
60,000 d
16,250
62,500
1973
55,500
0
55,500 d
60,000
55,500
1974
64,500
0
64,500 d
55,500
64,500
*401 On February 2, 1972, the board of directors of the Company authorized that there be paid to petitioner a salary of $62,500 for the calendar year 1972. At the same time, bonuses were authorized for other key personnel. The resolution of the board imposed no restriction upon the payment of the amounts authorized. The Company paid petitioner $2,500 of his authorized salary for 1972 during that year and paid the balance of $60,000 on March 6, 1973. The Company at the end of 1972 accrued the unpaid salary of $60,000 and took a total deduction of $62,500 with respect to petitioner's salary on its 1972 income tax return. In his 1972 joint income tax return, *402 petitioner reported salary from the Company in the amount of $16,250, consisting of the $2,500 paid to him during the year from his 1972 authorized salary and $13,750 of authorized salary for 1971 which was not paid to him until 1972. On January 15, 1974, the board of directors of the Company authorized that there be paid to petitioner a salary of $64,500 for the calendar year 1974. The resolution of the board of directors imposed no restriction upon the payment of said salary. The entire amount was accrued as a salary expense by the corporation and was paid to petitioner in its entirety on March 15, 1975. In his 1974 joint income tax return, petitioner reported salary from the Company in the amount of $55,000, consisting of his entire 1973 authorized salary which was not paid to him until March 15, 1974. The Company paid non pro rata dividends to its shareholders of $97,559.62 with respect to the year 1972 and $38,777.96 with respect to the year 1974. Petitioner's share of such dividends was $48,380.00 in 1972 and $19,988.56 in 1974. As of December 31, 1972, 1973 and 1974, the balance sheets of the Company reflected the following: Assets
1972
1973
1974
Current Assets
$314,778
$311,652
$325,597
Property, Plant &
Equipment (less
depreciation)
284,371
354,951
367,296
Other Assets
12,170
3,732
39,685
Total Assets
$611,319
$670,335
$732,578
Liabilities & Stockholders'
Equity
Current Liabilities
$147,043
$164,845
$197,123
Other Liabilities
45,957
161,666
107,456
(incl. deferred
income)
Stockholders' Equity
418,319
343,824
427,999
Total Liabilities &
Stockholders' Equity
$611,319
$670,335
$732,578
*403 In his notice of deficiency for the taxable years 1972 and 1974, respondent determined that petitioner constructively received additional salary income from the Company during said years in the amounts of $60,000 and $64,500, respectively, with the following explanation: (a) It is determined that during the tax year 1972, Mr. Congleton constructively received salary in the amount of $60,000 from the W. T. Congleton Company that was not reported on your income tax return. Accordingly, your taxable income for 1972 is increased $60,000. It is further determined that during the tax year 1974, Mr. Congleton constructively received salary of $64,500 from the W. T. Congleton Company in lieu of $55,500 reported in your tax return. Therefore, your 1974 taxable income is increased $9,000. OPINION During the years 1972 and 1974, petitioner was the president and a member of the board of directors of W. T. Congleton Co., Inc., a ready-mix concrete producing firm. In February 1972, the board of directors of the Company authorized a salary of $62,500 for petitioner for 1972. The Company only paid petitioner $2,500 during 1972 and paid the remaining $60,000 on March 6, 1973. In accordance *404 with the provisions of section 267, the Company accrued the unpaid salary of $60,000 at the end of 1972 and took a total deduction of $62,500 for petitioner's salary on its 1972 income tax return. Petitioner filed a joint income tax return on a cash receipts and disbursements method of accounting. In his return for the taxable year 1972, petitioner reported salary from the Company in the amount of $16,250, consisting of $2,500 paid to him during the year on his 1972 authorized salary of $62,500 and $13,750 of the salary authorized for 1971 which had not been paid to him until 1972. In January 1974, the board of directors of the Company authorized a salary of $64,500 for petitioner for 1974. None of this amount was paid to petitioner during 1974. The entire amount was accrued as a salary expense by the Company at the end of 1974 and was paid to petitioner in its entirety on March 15, 1975. In his joint income tax return for 1974, petitioner did not report any salary for the taxable year 1974, reporting instead the $55,500 which he had received in the year 1974 on account of the year 1973. Respondent has determined that petitioner constructively received salary income of $60,000 *405 in 1972 and $64,500 in 1974.
Section 451(a) provides that any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer where the taxpayer has adopted the cash receipts and disbursements method of accounting. [3] As used therein, the term "received" includes both actual and constructive receipt. The determination whether income has been constructively received by a cash basis taxpayer is governed by Section 1.451-2(a), Income Tax Regs. Insofar as material herein, the Regulations provide: (a) General Rule. Income although not actually reduced to a taxpayer's *406 possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions * * *. This regulation stems from and has been sustained in numerous court decisions. See White v. Commissioner,61 T.C. 763, 767 (1974), and cases cited therein. See also Fountain v. Commissioner,59 T.C. 696, 704 (1973). Both parties accept the regulation, but differ with respect to its applicability to the facts present in this case. Petitioner contends that the salaries payable to him for services performed during the taxable years 1972 and 1974 were not constructively received in those years because such salaries were neither credited to his account, set apart for him, or otherwise made available to him during such taxable years. Corporate resolutions were duly adopted for the payment of *407 petitioner's salary during each of the years in question, setting forth the amounts to be paid to him. There were no formal restrictions on the payment of such salaries. There can be no question that the resolutions created a liability on the part of the Company to pay the amounts set forth in the resolutions. In closing the corporate books as of December 31, the auditors accrued such amounts as a liability due from the Company to the petitioner. Petitioner argues that since the accrual by the auditors was not made on the corporate books during the taxable year, it was not in fact credited to petitioner's account until after the close of such years. The fact remains that the amounts in question had been specifically provided for by resolutions of the board of directors and were due and payable. The year-end entries made by the auditors merely reflected an existing liability. There is no evidence to show that the petitioner could not have withdrawn his salary at any time. In fact, the history of the accruals and withdrawals of petitioner's salary over prior years indicates that the petitioner withdrew funds as needed by him rather than because of any restriction imposed upon *408 him. Petitioner nevertheless contends that such restrictions did exist based upon a policy or understanding to allow the funds to remain in the business unless needed by the petitioner. For the years 1972 to 1974, inclusive, however, the balance owing was paid to the petitioner within two and one-half months following the close of the taxable year. If there was any understanding or policy governing the payment of salaries, it was the petitioner who set the policy and decided whether to pay or not to pay. Petitioner further contends that payment of the salaries during the taxable years was restricted on account of the financial condition of the Company. Again, however, this is not borne out by the facts. The Company declared and paid dividends in those years and had substantial amounts invested in savings accounts. The mere absence of ready cash to pay such salaries as of the close of the taxable year is not controlling. Jacobus v. United States,80 Ct. Cl. 357, 9 F. Supp. 41, 45 (1934); Ohio Battery & Ignition Co. v. Commissioner,5 T.C. 283, 288 (1945); see also, Baker v. United States,84 Ct. Cl. 428, 17 F. Supp. 976, 979 (1937). *409 Petitioner has failed to show that the Company could not have paid the salaries currently, particularly when it is considered that the full amounts were paid within two and one-half months following the close of the taxable year. Jerome Castree Interiors, Inc. v. Commissioner,64 T.C. 564 (1975), which is among the cases relied on by petitioner, is readily distinguishable on the facts. In the Castree Interiors case, only the total bonus to be paid for the taxable year was approved by the board of directors. The distribution of the total bonus between the various employees was not a matter of record. In the year end closing, the only entry made on the books and records of the payor was that of the total amount payable. The determination whether an item of income has been constructively received depends on the facts of each case. Here, those facts clearly support the respondent. White v. Commissioner,supra, and Fountain v. Commissioner, supra.
Finally, the petitioner argues that as a corollary to section 267, the doctrine of constructive receipt should not be applied where the amounts were in fact paid within two *410 and one-half months following the close of the taxable year. The courts have uniformly looked to the doctrine of constructive receipt in order to determine whether the taxpayer met the conditions as to payment prescribed in section 267. See, e.g., Jerome Castree Interiors, Inc.,supra;Cosmopolitan Credit Corporation v. Commissioner,474 F.2d 1344 (5th Cir. 1973), affg. a Memorandum Opinion of this Court; W. C. Leonard and Co. v. United States,324 F. Supp. 422 (N.D. Miss. 1971); Lacy Contracting Co. v. Commissioner,56 T.C. 464 (1971); Platt Trailer Co. v. Commissioner,23 T.C. 1065 (1955). Upon consideration of the foregoing, it is the opinion of the Court that the petitioner is chargeable with having constructively received during the taxable year 1972 the salary payable to him for that year in the amount of $62,500 and with having constructively received in the taxable year 1974 the salary payable to him for that year in the amount of $64,000. If the Court should so hold, petitioner in the alternative contends that there should be excluded from income for the taxable year 1972 the sum of $13,750 *411 of the salary paid for the taxable year 1971 following the close of that taxable year and reported by petitioner as income for the taxable year 1972. Respondent does not seriously argue the merits of this position, but seems to rely on the administrative problems which might be required to make the proper adjustment. The Court is unable to distinguish between the situation applicable to the salary due and payable for the year 1971 and that applicable to subsequent years.Accordingly, the Court sustains petitioner's right to have excluded from income in the taxable year 1972 that portion of his salary reported in that year which was earned and presumably available to him in the prior year. Having sustained this position, there results an inconsistency within the meaning of section 1311 requiring an appropriate adjustment thereunder in petitioner's tax liability for the year 1971. Cory v. Commissioner,261 F.2d 702 (2d Cir. 1958), cert. denied 359 U.S. 966 (1959); W. E. Dobson v. United States,165 Ct. Cl. 460, 330 F. 2d 646 (1964). Decision will be entered under Rule 155. Footnotes
1. Jane Congleton is a petitioner herein only by virtue of having filed a joint return with her husband, Lucien H. Congleton, for the years in question.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
a. Bonuses were authorized only for the years 1963 and 1964 and in the amount of $10,000 for each year. ↩
b. The $20,000 reflected on the W-2 Form for 1962 consisted of $15,000 paid upon the salary authorized for 1962 and $5,000 upon the salary authorized for 1961. ↩
c. By action of the board of directors on January 12, 1971, the unpaid portion of the 1969 salaries were deferred indefinitely. ↩
d. The sums of $60,000, $55,500, and $64,500 were paid on March 6, 1973, March 15, 1974, and March 15, 1975, respectively.↩
3. SEC. 451. GENERAL RULE FOR TAXABLE YEAR OF INCLUSION. (a) General Rule.--The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.↩