*676 OPINION.
Van Fossan:
The Commissioner disallowed the bonus to Fincher in so far as unpaid on March 15, 1938, “as a deduction under the provisions of section 24 (c) of the Revenue Act of 1936, as amended by the Revenue Act of 1937.”[1] It is clear that all three conditions stated in the statute must coexist, i. e., as to payment, difference of accomiting methods, and limitation by section 24 (b).[2] Under the rules of the Board petitioner undertook the burden of proving that respondent erred in applying the cited statute.
Admittedly there was no cash payment. Petitioner contends, however, there was constructive payment. We are unable to agree. Constructive payment is a fiction applied only under unusual circumstances not existing here. Sanford Corporation v. Commissioner, 106 Fed. (2d) 882; certiorari denied, 309 U. S. 657, affirming 38 B. T. A. 139; Massachusetts Mutual Life Insurance Co. v. United States, 288 U. S. 269; Cox Motor Sales Co., 42 B. T. A. 192. We believe respondent was correct in holding that the bonus was not paid within the taxable year or within two and one-half months after the close thereof.
It is stipulated that Fincher did not report the disallowed, unpaid bonus in his income for the taxable year and petitioner does not challenge the correctness of respondent’s action as to the second requisite of the statute.
Addressing itself to the third condition found by respondent to exist, petitioner argues that, by reason of the difference between the *677 rights and privileges enjoyed by holders of class A stock and those limited by the provisions of the class B certificates, class A stock was more valuable than class B stock, although both had the same par value. However, it has made no attempt to ascertain or prove the relative or actual values of the stock. Submission of such proof was part of its burden in the case. The Board can not assume values or speculate with respect thereto. Since the record shows that Fincher owned 68 percent of the total outstanding stock and the petitioner has failed to prove that its value did not exceed the value of the class A stock held by the holding division, we can not say that respondent erred in holding that the situation falls under subsection (3) of section (c).
It is axiomatic that the allowance of deductions is a matter of legislative grace. Congress has seen fit to limit that allowance by the enactment of section 301. Respondent determined that petitioner came under the ban raised by this section. The petitioner undertook to prove that this was erroneous. It has failed to do so. We sustain the Commissioner.

Decision will be entered, for the respondent.

 SEC. 301. DISALLOWED DEDUCTIONS.
(a) Section 24 (a) of tlie Revenue Act of 1936 is amended to read as follows:
* * * * * * *
“(c) Unpaid Expenses and Interest. — In computing net income no deduction sliall be allowed in respect of expenses incurred under section 23 (a) or interest accrued under section 23 (b) — -
“(1) If not paid within the taxable year or within two and one-half months after the close thereof; and
“(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and
“(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).”

 The pertinent part of section 24 (b) reads as follows :
“(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; * * *’ [Sec. 24 (b) (1) (B).]