R.J. TRICON COMPANY, INC.

v.

UNITED STATES of America.

Civ. A. No. 80–3529.

United States District Court,
E.D. Louisiana.

Sept. 19, 1983.

"A. Yes.

Antonio E. Papale, Jr., of Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., for plaintiff.

William D. Holmes, U.S. Dept. of Justice, Washington, D.C., for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

This matter was submitted upon agreement of the parties to waive trial before the Court.[1] After consideration of the record herein, the briefs of counsel, and the law, the Court finds as follows:

To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are so adopted.

### FINDINGS OF FACT

The parties entered into the following stipulation of facts:

This action was instituted by plaintiff, R.J. Tricon, Inc., against the defendant, United States of America, seeking the refund of federal income taxes and interest for the taxable year 1974, previously paid to the defendant, in the amount of $16,237.00, plus interest and statutory additions as provided by law.

Plaintiff is a Louisiana corporation whose 1974 taxable year ended on December 31, 1974. On December 13, 1974, the Board of Directors of plaintiff adopted a resolution which authorized the payment of certain bonuses to its officials and employees. Included in the resolution was authorization to pay bonuses of $15,000 each to two corporate officers, Mrs. Clem H. Sehrt and her son Mr. Clem T. Sehrt, who together owned at least 67 percent of the outstanding corporate common stock. A copy of the resolution is attached hereto as Exhibit A and incorporated herein by reference.[2]

The corporation accrued these two bonuses of $15,000 each on its books as of December 31, 1974, and claimed the amount of these bonuses as deductions on its 1974 corporate income tax return, for purposes of computing its 1974 income tax liability.

On March 10, 1975, the Board of Directors of plaintiff adopted another resolution, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.[3]

The Board of Directors of plaintiff did not adopt any other resolutions during the period March 10, 1975 through March 16, 1975 authorizing plaintiff to pay the two aforesaid bonuses of $15,000 each to Mrs. Clem H. Sehrt or to Mr. Clem T. Sehrt.

The two bonuses of $15,000 were not paid to Mrs. Clem H. Sehrt and Mr. Clem T. Sehrt until May of 1975. No journal entries were made on the books of the corporation setting up the amount of the bonuses as loans, and checks for the amount of the bonuses were not issued by Mrs. Clem H. Sehrt and Mr. Clem T. Sehrt to the plaintiff.

It is further undisputed that at all times pertinent hereto, Mr. and Mrs. Sehrt possessed unrestricted authority to write checks on the corporate checking account, provided they obtained each other's countersignature.

The defendant disallowed the two $15,000 bonuses as deductions from plaintiff's 1974 income, for purposes of computing plaintiff's 1974 income tax liability.

### CONCLUSIONS OF LAW

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. 1346(a)(1). The sole issue presented is whether the bonuses authorized by the plaintiff to be paid to Mr. and Mrs. Sehrt were properly allowed as a deduction by plaintiff from its 1974 income, when the bonuses were not paid within 1974 or in two and one-half months of the end of plaintiff's 1974 fiscal year. The deductibili-

---

1. Plaintiff's original demand for a jury trial was waived and the parties agreed to submit the case to the Court on the record.

2. See Exhibit A attached hereto.

3. See Exhibit B attached hereto.

ty of the bonuses in question depends on the applicability of 26 U.S.C. Section 267, which provides in part:

(a) DEDUCTIONS DISALLOWED.— No deduction shall be allowed—* * *

(2) UNPAID EXPENSES * * *.—In respect of expenses, otherwise deductible under section 162 or 212, * * *

(A) If within the period consisting of the taxable year of the taxpayer and 2½ months after the close thereof (i) such expenses * * * are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and

(B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(C) If, at the close of the taxable year of the taxpayer or at any time within 2½ months thereafter, both the taxpayer and the person to whom the payment is to be made are person specified within any one of the paragraphs of subsection (b).

Resolution of whether the deduction of the bonuses was proper depends on whether the bonuses were *constructively* received, as it is undisputed that the bonuses were not actually paid until well after the end of plaintiff's 1974 fiscal year.

. . . Income not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart from him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. . . .

Treas.Reg. 1.267(a)–1, (b)(1)(iii). See also Treas.Reg. 1.451–2(a). Plaintiff claims the bonuses were constructively received by Mr. and Mrs. Sehrt within the applicable taxable year since (1) the bonuses were authorized by plaintiff's resolution of December 13, 1974 and were, thereafter, accrued as expenses by plaintiff in 1974; (2) the Sehrts had unrestricted check writing authority with the countersignature of one another; and (3) at all times pertinent, plaintiff had sufficient funds available to pay these bonuses.

However, regardless of the authority vested in Mr. and Mrs. Sehrt to sign checks for unrestricted amounts, and regardless of the fact that there may have been funds available to pay any checks written for $30,000, the March 10, 1975 resolution deprived the Sehrts of their control of when the bonuses could be received and placed substantial limitations on such receipt. The pertinent language of this resolution is as follows:

BE IT RESOLVED, that in view of the difficult cash position of R.J. Tricon Co., Inc. . . . the individual members of the Board of Directors hereby agree to loan to R.J. Tricon Co., Inc. the amount of their deferred 1974 bonuses, which would have been paid on March 15, 1975, until such time as the President of the Corporation feels that the cash position of R.J. Tricon has improved.

The resolution makes it clear that Mr. Groh was the only person who could authorize payment of the $15,000 bonuses by determining that the cash position of the company was sufficient to warrant such action.[4] Plaintiff contends that the resolution confirms the fact that there was constructive receipt of the bonuses as evidenced by the loan, albeit without the customary loan formality, of the amount of the bonuses to the Company. However, while plaintiff seeks to characterize the March 10, 1975 resolution as evidence of a loan, there are none of the indicia present which would qualify the action taken by the company as a "loan." No note was executed, there was no certain

---

4. Mr. Groh's testimony is also to this effect.  Dep. pp. 15–17.

time designated for repayment, there were no provisions made for payment of interest, and no entries made upon the books of the corporation reflecting such. The actions of the plaintiff thus limited the term "loan" as set out in the resolution to simply mean, and the Court so holds, that the Sehrts would refrain from taking payment of their bonuses until such time as the President of the corporation deemed that the financial position of the corporation was improved to the extent that bonuses could be paid as previously authorized.

Income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. The income must be unqualifiedly subject to the recipient's demand. *W.C. Leonard and Company v. United States,* 324 F.Supp. 422 (N.D.Miss.1971). That element is not present here. The funds were *not* available to the Sehrts on an unrestricted basis. By resolution the corporation first *limited* the payment of the bonuses until March 15, 1975, and then, on March 10, 1975, *conditioned* payment upon the improvement of the financial condition of the corporation. The right to receive the bonuses was further restricted by the granting of the authority to determine whether such an improvement had been accomplished to only one person, Mr. Groh, who did not lift the restrictions on payment until the two and one-half month period following the plaintiff's 1974 fiscal year had expired. The facts of this case cannot and do not support the doctrine of constructive receipt upon which plaintiff relies. Accordingly, there should be judgment herein in favor of the defendant, dismissing plaintiff's claims at its cost. The Clerk of Court is directed to enter judgment in accordance herewith.

### EXHIBIT A

R.J. TRICON CO., INC.

755 TCHOUPITOULAS STREET

NEW ORLEANS, LOUISIANA 70130

At a Special Meeting of the Board of Directors of R.J. Tricon Co., Inc., held at 800 Lakeshore Parkway, New Orleans, Louisiana, on Friday, December 13, 1974, at which a quorum of the Board of Directors was present, the meeting was called to order by the President, G.J. Groh.

After reviewing the report of John J. Sehrt, Certified Public Accountant, it was determined that R.J. Tricon Co., Inc., had a very successful year. Therefore, the following resolutions were duly offered and unanimously adopted:

BE IT RESOLVED, That the President, G.J. Groh, is authorized to distribute to the officers and employees of this corporation as bonuses a sum not to exceed $310,000.00.

BE IT FURTHER RESOLVED, That a dividend is hereby declared payable in the sum of $5.00 per share to all shareholders of record date, December 31, 1974; said dividend to be paid in 1975, when the President of the corporation deems appropriate.

BE IT FURTHER RESOLVED, That $100,000.00 shall be allocated to the Officers' and Employees' Profit-Sharing Plan and Trust Fund for the year 1974.

BE IT FURTHER RESOLVED, That all of the officers of this corporation are hereby re-elected for the ensuing year.

/s/ G.J. Groh
G.J. GROH, PRESIDENT

I, the undersigned Secretary of this corporation, hereby certify that the above is a true copy of the resolution adopted at a meeting of the Board of Directors of R.J. Tricon Co., Inc., held at 800 Lakeshore Parkway, New Orleans, Louisiana, on the 13th day of December, 1974, and that the above is the genuine signature of G.J. Groh, President of this corporation.

/s/ C. Tricon Sehrt
C. TRICON SEHRT, SECRETARY

### EXHIBIT B

RESOLUTION OF R.J. TRICON CO., INC.

NEW ORLEANS, LOUISIANA

At the meeting of the Board of Directors of the R.J. Tricon Co., Inc., held at its office in the City of New Orleans, Louisiana, at 755 Tchoupitoulas Street, on March 10, 1975, at

which a quorum of the Board was present, the following resolution was unanimously adopted:

BE IT RESOLVED, that in view of the difficult cash position of R.J. Tricon Co., Inc. and since National American bank is unwilling to increase the Company's line of credit without the personal endorsement of Norris Tricon Sehrt for the full amount of said line of credit, the individual Members of the Board of Directors hereby agree to loan to R.J. Tricon Co., Inc. the amount of their deferred 1974 bonuses, which would have been paid on March 15, 1975, until such time as the President of the Corporation feels that cash position of R.J. Tricon Co., Inc. has improved.

/s/ G.J. Groh
G.J. GROH, PRESIDENT

### CERTIFICATE

I, C. TRICON SEHRT, hereby certify that the above is a true and correct copy of the minutes of the meeting of the Board of Directors of R.J. Tricon Co., Inc., held on March 10, 1975, at New Orleans, Louisiana.

March 10, 1975.

/s/ C. Tricon Sehrt
C. TRICON SEHRT, SECRETARY